1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LaMERLE RONNIE JOHNSON,

11          Petitioner,                    No. 2:11-cv-0831 JAM KJN P

12      vs.

13   MIKE MARTEL, Warden,

14          Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16   I.  Introduction

17          Petitioner is a state prisoner proceeding without counsel, with a petition for writ

18   of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion

19   to dismiss the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases.  Respondent

20   argues petitioner fails to state a cognizable federal habeas corpus claim for relief and that

21   petitioner's claims are successive.  Petitioner filed an opposition, and respondent filed a reply.

22   For the reasons stated below, the court recommends that respondent's motion to dismiss be

23   granted, and, that the petition be dismissed.

24          Petitioner challenges the state court's denial of habeas relief in connection with

25   the 2009 decision of the Board of Parole Hearings ("Board") finding petitioner unsuitable for

26   parole.

1

II.  Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").  However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

III.  Petitioner's Procedural Due Process Claims

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209, 221 (2005) (citations omitted).  The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").  However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain

1  designated findings are made, and thereby gives rise to a constitutional liberty interest."

2  Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a

3  state's use of mandatory language ("shall") creates a presumption that parole release will be

4  granted when the designated findings are made.).

5          California's parole statutes give rise to a liberty interest in parole protected by the

6  federal due process clause. Swarthout v. Cooke, 131 S. Ct. 859, 863 (2011).  In California, a

7  prisoner is entitled to release on parole unless there is "some evidence" of his or her current

8  dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29

9  Cal.4th 616, 651-53 (2002).  However, in Swarthout the United States Supreme Court held that

10  "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive

11  federal requirement." Swarthout, 131 S. Ct. at 864.  In other words, the Court specifically

12  rejected the notion that there can be a valid claim under the Fourteenth Amendment for

13  insufficiency of evidence presented at a parole proceeding.  Id. at 864.  Rather, the protection

14  afforded by the federal due process clause to California parole decisions consists solely of the

15  "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be

16  heard and . . . a statement of the reasons why parole was denied." Swarthout, 131 S. Ct. at 863-

17  64.

18          Here, the record reflects that petitioner was present at the 2009 parole hearing,

19  that he participated in the hearing, and that he was provided with the reasons for the Board's

20  decision to deny parole.  (Dkt. No. 11-1 at 32-96; 11-2 at 1-29.)  According to the United States

21  Supreme Court, the federal due process clause requires no more.[1]  Therefore, respondent's

22  motion to dismiss should be granted.

23

24  _____

[1] As the Court of Appeals for the Ninth Circuit explained, "[t]he only federal right at
25  issue in the parole context is procedural, and the only proper inquiry is what process the inmate
received, not whether the state court decided the case correctly. Stuart v. Carey, 2011 WL
26  2709255 (9th Cir. 2011), citing Swarthout, 131 S. Ct. at 863.  Petitioner cannot obtain more
process by attempting to characterize the nature of his claims in a different way.

1   IV.  Petitioner's Alleged Conflict of Interest Claims

2            The San Mateo District Attorney opposed parole for petitioner.  To the extent

3   petitioner contends that this opposition was a "conflict of interest," petitioner's claim is

4   unavailing.  There is no federal constitutional right implicated by this claim.  Although

5   opposition to parole by law enforcement is to be considered during the parole process, California

6   Penal Code § 3046(c), "voiced opposition to parole is not an enumerated unsuitability factor . . .

7   and such argument is not evidence of unsuitability."  Saldate v. Adams, 573 F. Supp. 2d 1303,

8   1310 (E.D. Cal. 2008).  Therefore, this allegation should be dismissed for failure to state a

9   cognizable habeas claim.

10           Petitioner also alleges that the San Mateo County Superior Court had a conflict of

11  interest because Presiding Justice Stephen Hall, the Deputy District Attorney who prosecuted

12  petitioner, allegedly assigned one of Hall's subordinate judges to rule on petitioner's collateral

13  petitions for habeas corpus.  Petitioner states that, in the "People's Statement Under Penal Code

14  Section 1203.1," filed January 18, 1996, Deputy District Attorney Stephen M. Hall specifically

15  asked that petitioner never be granted parole.  (Dkt. No. 1 at 187.)  Petitioner argues that this

16  situation constitutes a conflict of interest.

17           Respondent argues that because petitioner's habeas claims were subsequently

18  reviewed de novo by the state appellate and supreme courts, and petitioner does not allege any

19  conflict with these higher courts, petitioner's claim must fail.  (Dkt. No. 11 at 5.)  In opposition,

20  petitioner contends that it was only the superior court that rendered a reasoned opinion, and

21  therefore, the superior court was able to rule on its own conflict.  (Dkt. No. 12 at 4.)  Petitioner

22  then goes on to argue facts surrounding his arrest and plea negotiations.  (Id., at 4-5.)

23           On June 10, 2010, the San Mateo County Superior Court ruled on petitioner's

24  conflict claims as follows:

25           To the extent that the claims were disposed of in earlier petitions,
             this habeas petition is denied.  To the extent that the claims were
26           not raised in earlier petitions, this habeas petition is denied because

1    it is an impermissible successive petition.  (In re Clark (1993) 5
2    Cal.4th 750, 768 (a defendant is not permitted to try out his
     contentions piecemeal by successive proceedings attacking the
3    validity of the judgment against him).)

4    (Dkt. No. 11-4 at 6.)  Petitioner appealed, and the Court of Appeal for the First Appellate District

5    denied the petition for writ of habeas corpus without comment.  (Dkt. No. 11-4 at 52.)  Petitioner

6    appealed, and on February 23, 2011, the California Supreme Court denied the petition without

7    comment.  (Dkt. No. 11-5 at 34.)

8              First, to the extent petitioner is attempting to re-argue allegations surrounding

9    petitioner's arrest, plea negotiations, and testimony on behalf of the prosecution in other criminal

10   proceedings, such claims are successive.  Petitioner should refrain from raising these claims in

11   any subsequent Board challenges.  Petitioner, convicted in November of 1995, attempted to

12   litigate these claims in a habeas petition filed in November of 2002.  Johnson v. Knowles, 541

13   F.3d 933 (9th Cir. 2008).  The dismissal of this petition as barred by the statute of limitations was

14   affirmed by the Court of Appeals for the Ninth Circuit on September 2, 2008.  Id.

15             Second, petitioner's claim that there was a conflict of interest because a former

16   district attorney who, in January of 1996, argued that petitioner should spend his life in prison,

17   allegedly assigned petitioner's state habeas petition to a San Mateo County Superior Court judge

18   for adjudication, fails to state a cognizable habeas claim.  As respondent argued, the superior

19   court's decision was reviewed de novo by both the appellate court and the California Supreme

20   Court.  Summary denials are entitled to deference under 28 U.S.C. § 2254.  Harrington v.

21   Richter, 131 S. Ct. 770, 785 (2011).

22             Thus, petitioner's alleged conflict of interest claims should also be dismissed.

23   V.  Alleged No Parole Policy

24             Petitioner contends that the Board's decisions are predetermined as part of an

25   allegedly underground policy.  However, petitioner fails to provide any admissible evidence of

26   such a policy, instead relying on hearsay statements from a Board Commissioner during another

1    inmate's parole hearing.  Petitioner fails to establish the predicate of his claim, that is, that the

2    Board has such a policy.  Petitioner fails to cite any relevant federal legal authority supporting

3    this claim and fails to demonstrate that such a policy was applied to him.  Thus, petitioner's

4    claim in this regard is vague and conclusory and should be denied on that basis.  See Jones v.

5    Gomez, 66 F.3d 199, 204 (9th Cir. 1995) ("conclusory allegations which are not supported by a

6    statement of specific facts do not warrant habeas relief") (quotations and internal citation

7    omitted).  Accordingly, this claim should also be dismissed.

8    VI.  Conclusion

9              For all of the above reasons, IT IS HEREBY RECOMMENDED that:

10             1.  Respondent's June 3, 2011 motion to dismiss (dkt. no. 11) be granted;

11             2.  The petition for writ of habeas corpus be dismissed.

12             These findings and recommendations are submitted to the United States District

13   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

14   one days after being served with these findings and recommendations, any party may file written

15   objections with the court and serve a copy on all parties.  Such a document should be captioned

16   "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files

17   objections, he shall also address whether a certificate of appealability should issue and, if so, why

18   and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if

19   the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

20   § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after

21   service of the objections.  The parties are advised that failure to file objections within the

22   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

23   F.2d 1153 (9th Cir. 1991).

24   DATED: August 9, 2011

25                                              KENDALL J. NEWMAN
                                               UNITED STATES MAGISTRATE JUDGE

26   john0831.mtd

6